The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
This matter involves an admittedly compensable 25 June 1991 back injury that was the subject of a prior Industrial Commission Award and was the subject of an Opinion and Award from Deputy Commissioner Lawrence B. Shuping, Jr., filed 3 June 1992, awarding temporary total disability benefits for a two percent (2%) permanent partial disability to the back. The case was heard before the deputy on 22 February 1994, upon the issue of whether employee-plaintiff is entitled to any additional workers' compensation benefits following 23 February 1992. All prior Industrial Commission awards, including the Opinion and Award of Deputy Commissioner Shuping, are hereby incorporated by reference as if fully set out herein.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 25 June 1991, employee-plaintiff sustained a compensable injury to her thoracic spine. Through the Opinion and Award of Deputy Commissioner Shuping, employee-plaintiff received temporary total disability benefits from 12 September 1991 through 23 February 1992, and received permanent partial disability benefits for a two percent (2%) permanent partial disability to her back.
2. Dr. Steven Lovejoy treated employee-plaintiff for the compensable injury to her thoracic spine of 25 June 1991, and had, in fact, been treating employee-plaintiff at the time of that injury for another compensable injury to the lower back sustained on 28 January 1991.
3. Employee-plaintiff was seen and treated by Dr. Lovejoy on 7 April 1992, for complaints of cervical and trapezial muscle pain.
4. Dr. Lovejoy testified in deposition on 6 May 1992 during the case that was then pending before Deputy Commissioner Shuping, that the visit of 7 April 1992 of employee-plaintiff with complaints of cervical and trapezial muscle pain was not for the same injury that employee-plaintiff has sustained on 25 June 1991.
5. For eleven years, employee-plaintiff had been employed with employer-defendant as an in-home service worker. Employee-plaintiff voluntarily left employ with employer-defendant in May of 1992. Employee-plaintiff began having difficulty performing her job as an in-home service worker in May of 1992 due to a change in the job requirements. Employee-plaintiff experienced pain in her neck and headaches.
6. Employee-plaintiff was treated by her family physician, Dr. Zastrow, and Dr. Putman, a neurologist, for her neck pain. Employee-plaintiff saw these physicians after seeing and being treated by Dr. Lovejoy, the orthopedic surgeon, who had treated her for her compensable injuries of 28 January 1991 and 25 June 1991.
7. Employee-plaintiff retained the services of an attorney. Her attorney questioned Dr. Lovejoy if employee-plaintiff's continued complaints of neck pain were related to the 25 June 1991 injury. Dr. Lovejoy responded to the attorney's request with a note dated 28 January 1993 that stated, "I do not think that her cervical spine pain is related either to her injury June 1991 or due to improper body mechanics."
8. Plaintiff's attorney made a motion to withdraw as counsel for employee-plaintiff and was allowed to so withdraw. Employee-plaintiff then hired attorney, Kenneth L. Harris. Mr. Harris currently represents employee-plaintiff and represented her at the hearing before the deputy on 22 February 1994, and in the subsequent medical depositions.
9. Mr. Harris took the deposition of Dr. Steven A. Lovejoy on 21 June 1994. Dr. Lovejoy again testified that, in his opinion, employee-plaintiff's complaints of neck pain were not related to the injury of 25 June 1991.
10. While Dr. Putman testified that employee-plaintiff's neck pain could be related to her injury of 2 June 1991, he also testified that Dr. Lovejoy would be the physician in the best position to render an opinion regarding the relationship of the neck pain to the 25 June 1991 injury.
11. Accepting Dr. Lovejoy's opinion as the more credible, the Full Commission finds that employee-plaintiff's physical problems of neck pain and headaches since 23 February 1992 are not related to her 25 June 1991 compensable injury.
12. Employee-plaintiff has not sustained an injury by accident nor specific traumatic incident to the work assigned while in the employ of employer-defendant since 23 February 1992.
13. Employee-plaintiff has not had a change of condition for the worse related to her injury of 25 June 1991.
14. Employee-plaintiff has been fully compensated for her 25 June 1991 injury.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Employee-plaintiff has not sustained a new injury by accident nor a specific traumatic incident to the work assigned in her employ with employer-defendant as an in-home service worker since 23 February 1992. N.C. Gen. Stat. § 97-2 (6).
2. Employee-plaintiff has not sustained a change of condition related to her injury of 25 June 1991.
3. Employee-plaintiff's physical problems, including neck pain and headaches, are not related to her compensable injury of 25 June 1991.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Employee-plaintiff's claim for further worker's' compensation benefits following 23 February 1992 must be and is hereby denied.
2. Each side shall bear its own costs.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER